# IN THE COURT OF APPEALS OF IOWA

No. 21-0540
Filed July 21, 2021

IN THE INTEREST OF W.T.,
Minor Child,

J.L., Father,
        Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Paul G. Crawford, District Associate Judge.

A father appeals the termination of his parental right to his child. **APPEAL DISMISSED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Mary Cowdrey, Marshalltown, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to his minor child. Before proceeding to the merits, we must first address the father's request for a delayed appeal following the untimely filing of his notice of appeal.

The juvenile court's termination order was entered on April 6, 2021. Thus, the deadline to appeal was April 21. *See* Iowa R. App. P. 6.101(1)(b). The father did not timely appeal. Instead, the day after the deadline, April 22, his counsel filed a notice of appeal, in which he acknowledged the tardy notice of appeal, but and requested a delayed appeal, noting: "The undersigned conferred with the father who wishes to appeal. The undersigned had calendared the deadline to appeal based on the date of notification of April 8, 2021, in error." Counsel requested relief under our supreme court's recent decision in *In re A.B.*, where the court "recognize[d] delayed appeals in termination-of-parental-rights cases in certain limited circumstances." 957 N.W.2d 280, 284 (Iowa 2021).

In May, the supreme court granted a delayed appeal in a single justice order. The State moved for a three-justice review, arguing attorney inadvertence is an improper ground for delayed appeal under *A.B. See id.* at 293 n.4. The father resisted, citing another recent decision, *In re W.M.*, and arguing he was entitled to a delayed appeal because the failure to timely file a notice of appeal was out of his control and the one-day delay was no more than negligible. *See* 957 N.W.2d 305, 316 (Iowa 2021). In a three-justice order, the supreme court set aside its prior order and ordered the issue be submitted with the appeal.

In *A.B.*, the termination order was entered on September 20, 2020, the father filed a timely notice of appeal on October 4, but his petition on appeal was

filed two days beyond the fifteen-day deadline for filing the same. 957 N.W.2d at 289. "Dad's attorney candidly admit[ted] the late filing was her fault, explaining she was quarantined and working from home because her daughter had tested positive for COVID-19 and she failed to properly calendar the petition's due date on her remote calendar." *Id.* at 289. The court decided it would allow delayed appeals in termination cases under a strictly circumscribed standard—"where the parent clearly intended to appeal," "the failure to timely perfect the appeal was outside of the parent's control," and "the resulting delay is no more than negligible." *Id.* at 292.

Under the circumstances in *A.B.*, the court concluded the father's intent to appeal was obvious, his counsel was responsible for missing the deadline by failing to properly calendar it, and, a two day delay was not more than negligible because it "did not unnecessarily prolong the process." *Id.* at 293. While the court granted a delayed appeal based on counsel's improper calendaring of the deadline, as the State points out, the *A.B.* court qualified that holding, stating its decision was "not to say an attorney's inadvertent failure to properly calendar the deadline for a petition on appeal will entitle [his or] her client to a delayed appeal. Such would effectively write our 'no extensions' provision out of the rules, which we have no intention of doing." *Id.* at 293 & n.4. The court explained its decision to grant a delayed appeal upon attorney inadvertence was based on its recognition of the "extenuating circumstances in this case involving the heightened quarantining practices required by the coronavirus, particularly in the . . . timeframe involved here." *Id.* at 293 n.4.

*In W.M.*, the father filed a notice of appeal two days late. 957 N.W.2d at 312.

> Dad's attorney explained that the notice of appeal was late because he sent the termination order and a notice of appeal for Dad's signature to the Iowa Medical and Classification Center, but Dad had been transferred to a correctional facility in the interim. The attorney filed the notice of appeal the same day he received the signed copy back from Dad, but he ascribes the delay to the amount of time it took for the letter he sent to the medical facility to be redirected.

*Id.* While noting the procedural differences from *A.B.*, (tardy notice of appeal as opposed to tardy petition on appeal) the supreme court noted "the same reasoning applies despite the difference." *Id.* at 316; *accord id.* ("We do not find the distinction between a late notice of appeal and a late petition on appeal material to whether a delayed appeal should be considered."). Applying the criteria for granting a delayed appeal as set forth in *A.B.*, the supreme court granted the father a delayed appeal, concluding the father "clearly intended to timely appeal," the facility transfer and mail situation was beyond the father's control, and because the petition on appeal was filed within thirty days[1] of the filing of the termination order, the late filing of the notice of appeal "did not delay the appeal process." *Id.* at 316–17.

As detailed above, *A.B.* involved an untimely petition on appeal resulting from counsel's inadvertence in calendaring the deadline, and a delayed appeal was granted based on satisfaction of the standard announced for a delayed appeal *and* extenuating circumstances—quarantining during the pandemic. *W.M.*

---

[1] The purpose of our expedited process for appeals under chapter 232 is for the matter to be "ready for court within forty-five days of the final order for termination," that is, fifteen days to appeal, fifteen days for the filing of a petition on appeal, and fifteen days for a response. *A.B.*, 957 N.W.2d at 291.

Despite a late notice of appeal, because the petition on appeal was filed within thirty days of the termination order, the appeal process was not prolonged.

involved a late notice of appeal not resulting from counsel's inadvertence, and a delayed appeal was granted based on satisfaction of the necessary criteria.

The case before us is not identical to either *A.B.* or *W.M.* We nevertheless find *A.B.* more instructive. Here, the failure to timely file a notice of appeal was based on counsel's inadvertent miscalendaring of the deadline, and there is no indication the pandemic or other extenuating circumstance played any role in the failure. Counsel simply miscalculated the deadline. *A.B.* tells us that even if the criteria for a delayed appeal—that "the parent clearly intended to appeal," "the failure to timely perfect the appeal was outside of the parent's control," and "the resulting delay is no more than negligible"—are met, absent extenuating circumstances, meeting the criteria "is not to say an attorney's inadvertent failure to properly calendar the deadline will entitle [his or] her client to a delayed appeal." 957 N.W.2d at 292–93 & n.4. Allowing delayed appeals under such circumstances "would effectively write our 'no extensions' provision out of the rules, which [the supreme court has] no intention of doing." *Id.* at 293 n.4. That qualification makes sense, as its absence would allow attorneys to ignore the time for filing a notice of appeal, argue said ignorance was simply attorney inadvertence in calendaring, and bypass appellate jurisdictional requirements. Absent extenuating circumstances,[2] that would be an absurd result.

While we have granted delayed appeals following the supreme court's decisions in *A.B.* and *W.M.* based at least partly on counsel's inadvertence, *see In*

---

[2] The father's counsel did not present any extenuating circumstances in his request for a delayed appeal or resistance to the State's motion for a three-justice review. We need not decide what would amount to extenuating circumstances beyond what was stated by the supreme court in *A.B.*

*re M.B.*, No. 21-0306, 2021 WL 2452056, at *2–3 (Iowa Ct. App. June 16, 2021); *In re J.S.*, No. 20-1577, 2021 WL 2452052, at *1 (Iowa Ct. App. June 16, 2021), neither decision considered the supreme court's direction that an inadvertent failure to properly calendar the deadline be accompanied by extenuating circumstances.

Because the late filing was based on attorney inadvertence and not accompanied by an extenuating circumstance, we deny the father's request for a delayed appeal and dismiss the appeal.

**APPEAL DISMISSED.**